**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESAUN TORRES, | No. 11-72222 |
| Petitioner, | Agency No. A070-967-454 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Esaun Torres, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for cancellation of removal.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determinations regarding good moral character. *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Torres is statutorily barred from establishing the good moral character necessary to qualify for cancellation of removal because he knowingly gave false testimony under oath at his asylum interview in 2007 with the subjective intent to obtain an immigration benefit. *See* 8 U.S.C. §§ 1101(f)(6), 1229b(b)(1)(B); *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) (concluding that a petitioner who had made false statements under oath during an asylum interview had given false testimony for the purpose of obtaining immigration benefits and could therefore not establish good moral character, even though she had later withdrawn her asylum application and had admitted to the immigration judge that she had lied during the interview).

We lack jurisdiction to review Torres's remaining, unexhausted contentions. *See Ramos*, 246 F.3d at 1267 ("Failure to raise an argument before the BIA deprives this court of jurisdiction.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-72222